LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (569242)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1180
Fax: (212) 465-1181
*Attorney for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| JESSICA GRANT and SARAH POWERS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiffs, | |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| ONE PATRIOT PLACE, LLC d/b/a DAVIO'S, 443 LEXINGTON AVE, INC d/b/a DAVIO'S, 75 ARLINGTON STREET, INC d/b/a DAVIO'S, 151 GRANITE STREET, LLC d/b/a DAVIO'S, 55 BOYLSTON STREET, LLC d/b/a DAVIO'S, 427 WALNUT STREET, LLC d/b/a DAVIO'S, 111 S. 17th STREET, INC d/b/a DAVIO'S, 201 MAIN STREET, LLC d/b/a DAVIO'S, 51 LIBERTY DRIVE, LLC d/b/a DAVIO'S TASTES ON THE FLY LOGAN LLC d/b/a DAVIO'S 5761 GRANDSCAPE DRIVE LLC d/b/a DAVIO'S, 3500 PEACHTREE ROAD LLC d/b/a DAVIO'S, and STEVE DIFILLIPPO, | Jury Trial Demanded |
| Defendants. | |

---

Plaintiffs JESSICA GRANT and SARAH POWERS (collectively, "Plaintiffs"), on behalf

of themselves and others similarly situated, by and through their undersigned attorneys, hereby

file this Class and Collective Action Complaint against Defendants ONE PATRIOT PLACE, LLC

d/b/a DAVIO'S, 75 ARLINGTON STREET, INC. d/b/a DAVIO'S, 151 GRANITE STREET LLC

d/b/a DAVIO'S, 55 BOYLSTON STREET, LLC d/b/a DAVIO'S, 427 WALNUT STREET LLC d/b/a DAVIO'S, 111 S. 17TH STREET, INC. d/b/a DAVIO'S, 201 MAIN STREET LLC d/b/a DAVIO'S, 51 LIBERTY DRIVE, LLC d/b/a DAVIO'S, TASTES ON THE FLY LOGAN, LLC d/b/a DAVIO'S, 5761 GRANDSCAPE DRIVE LLC, 3500 PEACHTREE ROAD LLC, 443 LEXINGTON AVE, INC. d/b/a DAVIO'S, (collectively "Corporate Defendants") and STEVE DIFILLIPPO ("Individual Defendant" and collectively with Corporate Defendants referred to herein as "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to invalid tip credit; (2) unpaid wages, including overtime, due to timeshaving; (3) unpaid wages due to unreimbursed uniform costs; (4) liquidated damages; and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that they and others similarly situated are entitled to recover from Defendants (1) unpaid wages, including overtime, due to invalid tip credit; (2) unpaid wages, including overtime, due to timeshaving; (3) unpaid wages due to unreimbursed uniform costs; (4) interest and statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs, under the following states wage laws:

  a) Massachusetts (Massachusetts Fair Wage Law, M.G.L. c. 151, §§ 1A *et seq.* (MFWL));

  b) Pennsylvania (including Pennsylvania Minimum Wage Act 43 Pa. Cons. Stat. §333.101 et seq. and the Pennsylvania Code Title 34 § 231.41));

  c) New York (New York Labor Law, Article 19 § 650 et seq., and Article 6 § 190 et seq.) (NYLL);

    d) Texas: Texas Minimum Wage Act, Texas Labor Code § 62.001 *et seq* (TMWA); and

    e) Georgia: Georgia Minimum Wage Law, Official Code of Georgia Annotated O.C.G.A. § 34-4 *et seq.* (GMWL).

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the Massachusetts District pursuant to 28 U.S.C. § 1391.

5.    Defendants are subject to personal jurisdiction in this judicial district.

## PARTIES

*Plaintiffs:*

6.    Plaintiff GRANT is a resident of Bristol County, Massachusetts.

7.    Plaintiff POWERS is a resident of Norfolk County, Massachusetts.

*Defendants:*

8.    Defendants own and operate a nationwide chain of restaurants under the common trade name "Davio's," including seven (7) locations in Massachusetts, two (2) locations in Pennsylvania, one (1) location in Georgia, one (1) location in Texas, and one (1) location in New York with addresses as follows:

    a) 75 Arlington Street, Boston, MA 02116 ("Davio's Boston Back Bay");

    b) 26 Fan Pier, Boston, MA 02210 ("Davio's Boston Seaport");

    c) 236 Patriot Place, Foxborough, MA 02035 ("Davio's Foxborough");

    d) 250 Granite Street, Braintree, MA 02184 ("Davio's Braintree");

    e) 55 Boylston Street, Chestnut Hill, MA 02467 ("Davio's Chestnut Hill");

f)   1250 Market Street, Lynnfield, MA 01940 ("Davio's Lynnfield");

g)   Boston Logan International Airport, 1 Harborside Dr., Boston, MA 02128 ("Davio's Boston");

h)   200 Main Street, King of Prussia, PA 19406 ("Davio's King of Prussia");

i)   Phipps Plaza, 3500 Peachtree Road NE, Atlanta, GA 30326 ("Davio's Atlanta");

j)   5762 Grandscape Blvd., The Colony, TX 75056 ("Davio's The Colony");

k)   111 South 17th Street, Philadelphia, PA 19103 ("Davio's Philadelphia") (now closed); and

l)   447 Lexington Avenue, New York, NY 10017 ("Davio's Manhattan") (now closed)

(collectively referred to herein as "Davio's Restaurants" or the "Restaurants").

9.   The Davio's Restaurants are operated by Defendants as a single integrated enterprise. As a matter of economic reality there is no differentiation between the individual Corporate Defendants and the enterprise as a whole. Specifically, Davio's Restaurants are engaged in related activities, share common ownership, and have a common business purpose, as illustrated by the following facts:

a)   Davio's Restaurants are engaged in the same business of operating restaurants that serve and specialize in steaks and Italian foods.

b)   All the Davio's Restaurants share the same or extremely similar menu items.

c)   Davio's Restaurants conduct business under a common trade name "Davio's," use the same logo, and share similar décor and appearance.

d)   Davio's Restaurants are commonly owned by Defendant DIFILLIPPO and

4

operated by the same executive officers. *See* **Exhibit A**.

e)  Defendant DIFILLIPPO has ensured that everyone working at a Davio's Restaurant has his email address. He will read any email sent by an employee what they send, and he responds. He rotates through the Davio's Restaurants every week, sitting down with staff at all levels to see how things are going. *See* **Exhibit B**.

f)  Defendant DIFILLIPPO owns all of the Davio's Restaurants, as he is involved with the Davio's Restaurants on a daily basis and all Davio's Restaurant corporations are controlled by him directly, and he does not have a board of directors. *See* **Exhibit C**.

g)  Defendant DIFILLIPPO sets the employment policies for all his employees working at the Davio's Restaurants and will personally make decisions that affect employees and any wage issues they may have. *See* **Exhibit C**.

h)  Davio's Restaurants share employees, administrative personnel, equipment, assets, liabilities, profits, and expenses.

i)  Davio's Restaurants are advertised jointly on Defendants' website (http://www. davios.com). *See* **Exhibit D**.

j)  Reservations for any Davio's restaurant can be made through the Davio's website. *Id*.

k)  Online orders can be made for any Davio's restaurant can be made through the Davio's website. *Id*.

l)  Defendants centrally advertise job opportunities for work at any and all Davio's Restaurants on their website. *See* **Exhibit E.**

5

m) Defendants' website sells gift cards, which can be used at any of the Davio's Restaurants, and Defendant DIFILLIPPO's signed book for shipment to customers worldwide, without reference to individual Corporate Defendants. **Exhibit F.**

n) Defendants' website further advertises the sale of "Davio's Sausages" and "Davio's Philly Cheese Steak Spring Rolls," items of which are signature Davio's Restaurant items. **Exhibit G.**

o) Employees were interchangeable among Davio's Restaurants and transferred to and from the different locations.

p) Davio's Restaurants maintain centralized labor relations and human resources and utilize the same payroll system for all employees throughout Massachusetts, Pennsylvania, Texas, Georgia, and New York prior to shutting down the Davio's Manhattan location.

q) Davio's Restaurants implement the same wage and hour policies and procedures established by Defendants.

10. Corporate Defendant 443 LEXINGTON AVE, INC d/b/a DAVIO'S is a domestic business corporation organized under the laws of the State of New York with its principal place of business located at 447 Lexington Avenue, New York, NY 10017 and an address for service of process located at c/o PO Box 786, Sagamore Beach, MA 02562.

11. Corporate Defendant 75 ARLINGTON STREET, INC d/b/a DAVIO'S is a domestic profit corporation organized under the laws of the State of Massachusetts with its principal place of business located at 75 Arlington Street, Boston, MA 02116 ("75 Arlington Location") and an address for service of process located at c/o ROBERT P. KILEY, PO Box 786,

Sagamore Beach, MA 02562.and an address for principal office located at 110 Larch Row, Wenham, MA 01984 ("Larch Row"), Defendant DIFILIPPO's personal residence.[1]

12.     Corporate Defendant ONE PATRIOT PLACE, LLC d/b/a DAVIO'S is a domestic limited liability company organized under and registered to do business in the Commonwealth of Massachusetts, with its principal place of business at 236 Patriot Place, Foxboro, MA 02035, and an address for service of process located at c/o ROBERT P. KILEY, PO Box 786, Sagamore Beach, MA 02562.

13.     Corporate Defendant 151 GRANITE STREET, LLC d/b/a DAVIO'S is a domestic limited liability company organized under the laws of the State of Massachusetts, with its principal place of business at 250 Granite Street, Braintree, MA 02184 and an address for service of process located at c/o TAYLOR HARRINGTON, 60 Ocean Avenue, Weymouth, MA 02191.

14.     Corporate Defendant 55 BOYLSTON STREET, LLC d/b/a DAVIO'S is a domestic limited liability company organized under the laws of the State of Massachusetts, with its principal place of business at 55 Boylston St, Chestnut Hill, MA 02467, and an address for service of process located at c/o STEVEN DIFILLIPPO, 118 Larch Row, Wenham, MA 01948.

15.     Corporate Defendant 427 WALNUT STREET, LLC d/b/a DAVIO'S is a domestic limited liability company organized under the laws of the State of Massachusetts, with its principal place of business at 1250 Market St, Lynnfield, MA 01940, and an address for service of process located at c/o STEVEN DIFILLIPPO, 118 Larch Row, Wenham, MA 01948.

16.     Corporate Defendant 111 S. 17th STREET, INC d/b/a DAVIO'S is a domestic business corporation organized under the laws of the State of Pennsylvania, with its principal place

---

[1] The address for Larch Row is listed variously as 100 or 118 Larch Row. Both addresses correspond to the same stretch of property.

of business at 1628 Chestnut St., Philadelphia, PA 19103 and an address for service of process at c/o STEVEN DIFILLIPPO, PO Box 2369 South Hamilton, MA, 01982-0369.

17.    Corporate Defendant 201 MAIN STREET, LLC d/b/a DAVIO'S is a limited liability company organized under the laws of the State of Pennsylvania with its principal place of business located at 200 Main Street, King of Prussia, PA 19406.

18.    Corporate Defendant 51 LIBERTY DRIVE, LLC d/b/a DAVIO'S is a domestic limited liability company organized under and registered to do business in Massachusetts, with its principal place of business located at 26 Fan Pier Boulevard, Boston, MA 02210 and an address for service of process at c/o ROBERT P. KILEY, PO Box 786, Sagamore Beach, MA 02562.

19.    Corporate Defendant TASTES ON THE FLY LOGAN, LLC d/b/a DAVIO'S is a domestic limited liability company organized under and registered to do business in Massachusetts, with its principal place of business at Terminal C, 1 Harborside Drive, Boston, MA 02128, and an address for service of process at 155 Federal Street, Suite 700, Boston, MA 021110.

20.    Corporate Defendant 5761 GRANDSCAPE DRIVE LLC d/b/a DAVIO'S is a domestic limited liability company organized under and registered to do business in Texas, with a registered address of 5762 Grandscape Dr., Ste. 100, The Colony, TX 75056-6782 and an address for service of process at 211 East 7th Street, Suite 620, Austin, TX 78701.

21.    Corporate Defendant 3500 PEACHTREE ROAD LLC d/b/a DAVIO'S is a corporation organized under and registered to business in Georgia, with a principal office address of Phipps Plaza, 3500 Peachtree Road, Atlanta, GA 30326 and an address for service of process at 2 Sun Court, Suite 400, Peachtree Corners, GA 300092.

22.    Individual Defendant DIFILLIPPO is an owner and principal of the Corporate Defendants. Defendant DIFILLIPPO exercises operational control as it relates to all employees

including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant DIFILLIPPO frequently visited the Restaurants. Defendant DIFILLIPPO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant DIFILLIPPO directly regarding any of the terms of their employment, and Defendant DIFILLIPPO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant DIFILLIPPO ensured that the managers implemented Defendants' employment policies and pay practices and directed employees to effectively complete their job duties.  Defendant DIFILLIPPO exercised his powers over all employees at each of the Massachusetts, Pennsylvania, Texas, Georgia, and New York locations.

23.    At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA applicable state law, and the regulations thereunder.

24.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendant.

**MULTISTATE - FLSA COLLECTIVE ACTION ALLEGATIONS**

25.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 216(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, hosts/hostesses, porters, expeditors, servers, runners, bussers, bartenders and barbacks) employed by Defendants at Davio's Restaurants locations throughout Massachusetts, New York, Pennsylvania, Texas, and Georgia on or after the

date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

26.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) regular and overtime wages for all hours worked due to timeshaving and (ii) their proper wages due to improper uniform deductions. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

27.     Further, with respect to tipped employees (including but not limited to servers, runners, bussers, bartenders and barbacks) (the "Tipped Subcollective"), Defendants failed to pay them the lawful minimum wage and overtime to which they were entitled to, due to an invalid tip credit. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under FLSA. Plaintiffs are members of the FLSA Collective and the Tipped Subcollective.

28.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

## MASSACHUSETTS, PENNSYLVANIA, TEXAS, GEORGIA, and NEW YORK

29.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure

10

("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, hosts/hostesses, porters, expeditors, servers, runners, bussers, bartenders and barbacks) employed by Defendants at Davio's Restaurants locations in Massachusetts, Pennsylvania, Texas, Georgia, and New York on or after the date that is six (6) years (or a shorter period depending on where the individual class member is located) before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

30.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

31.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes subgroups of tipped employees (including but not limited to servers, runners, bussers, bartenders and barbacks) ("Tipped Subclass") who also number more than forty (40). Plaintiffs are members of both the Class and the Tipped Subclass. The Class may allocate subclasses for Class Members for Massachusetts, Pennsylvania, Texas, Georgia, and New York as the Court may deem necessary.

32.    Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each

11

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein of failing to pay them regular and overtime wages for all hours worked due to improper meal break deduction. Further, Tipped Subclass members were subject to the same corporate practice of Defendants of failing to pay them the required minimum wage and overtime compensation due to invalid tip credit deductions and unreimbursed uniform costs. As to the New York Subclass, Defendants failed to provide proper wage notices and failed to provide proper wage statements, in violation of the applicable state statutes. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35.     Defendants and other employers throughout the country violate the relevant state wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

36.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a)   Whether Defendants employed Plaintiffs and the Class within the meaning of each state's labor laws;

   b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants

did not pay Plaintiffs and Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class Members for their work;

d) Whether Defendants properly notified Plaintiffs and Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class Members for all hours worked;

f) Whether Defendants accurately kept records of all hours worked by Plaintiff and Class Members;

g) Whether Defendants paid the Tipped Plaintiffs and the Tipped Subclass members the proper minimum wage;

h) Whether Defendants provided proper notice to Tipped Plaintiffs and the Tipped Subclass members that Defendants were taking a tip credit;

i) Whether Defendants took the proper amount of tip credit allowance from Tipped Plaintiffs and the Tipped Subclass members;

j) Whether Defendants required Tipped Plaintiffs and the Tipped Subclass members to perform non-tipped work for more than twenty percent (20%) of their work shifts;

k) Whether Defendants kept daily records of tips earned by Tipped Plaintiffs and the Tipped Subclass members;

l) Whether Defendants provided proper wage statements informing Tipped Plaintiffs and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage

statements;

m) Whether Defendants failed to reimburse Plaintiffs and Class members for the costs of purchasing and maintaining the required uniforms;

n) Whether Defendants provided proper wage statements to Plaintiffs and Class Members; and

o) Whether Defendants provided proper wage notices to Plaintiffs and Class Members.

## STATEMENT OF FACTS

### *Plaintiff JESSICA GRANT*

49.     From in or around January 2014 until on or about July 4, 2021, Plaintiff GRANT was employed by Defendants to work as a server at Davio's Foxborough location. Plaintiff GRANT was originally hired as a server but after Plaintiff GRANT worked for Defendants for a year and a half, she became a bartender for most of her shifts, but still performed the role of a server for one (1) to two (2) shifts on an as needed basis.

50.     Throughout her employment with Defendants, Plaintiff GRANT also worked at the Davio's Chestnut Hill location and Davio's Boston Back Bay locations for several shifts, and was required to work there on an as needed basis. Plaintiff GRANT also witnessed other employees being transported between the Restaurants owned by Defendants.

51.     Throughout her employment with Defendants, Plaintiff GRANT was scheduled to work on Mondays and Thursdays from 3:30 p.m. to 11:00 p.m., Fridays from 3:30 p.m. to 12:30 a.m., Saturday from 10:00 a.m. to 10:00 p.m., and Sundays from 3:00 p.m. to 10:00 p.m. In total, Plaintiff GRANT was scheduled to work approximately forty-three (43) hours every week.

52.     Defendants shut their restaurants down for some time, due to the impact of the COVID-19 pandemic. When Defendants re-opened the Restaurants, Plaintiff GRANT was scheduled to work on Fridays from 10:00 a.m. to 12:30 a.m., Saturdays from 10:00 a.m. to 12:30 a.m., and Sundays from 10:00 a.m. to 10:00 p.m.

53.     Throughout her employment with Defendants, Plaintiff GRANT was paid a base hourly rate of $6.55, the tipped credit minimum wage.

54.     Throughout Plaintiff GRANT's employment with Defendants, Defendants instituted a timeshaving policy whereby Defendants either: (i) required Plaintiffs and all other employees to clock out for thirty (30) minutes per shift; or (ii) automatically deducted thirty (30) minutes from Plaintiffs' and other employees' compensable time, thereby deducting thirty (30) minutes) from all employees' compensable work time for each shift (i.e. one hour for double-shift(s)). However, regardless of the methodology used, during the purported "meal breaks," Plaintiff GRANT was required to continue working as if she was not on any break. Similarly, FLSA Collective Plaintiffs and Class Members were required by Defendants to clock out and work through their meal breaks.

55.     Throughout Plaintiff GRANT's employment with Defendants, Plaintiff was additionally required to attend staff meetings, which lasted fifteen (15) to thirty (30) minutes, while clocked out. Similarly, FLSA Collective Plaintiffs and Class Members were required by Defendants to attend staff meetings while off the clock.

56.     Throughout Plaintiff GRANT's employment with Defendants, Plaintiff was subject to an illegal tip pooling system whereby non-tipped employees, such as polishers, participated. The subclass of FLSA Collective Plaintiffs and the Tipped Subclass similarly suffered from Defendants utilization of an invalid tip pool wherein non-tipped employees such

as polishers participated.

57.     Throughout Plaintiff GRANT's employment with Defendants, she had to perform an excessive amount of non-tipped activities, including but not limited to: (i) polishing silverware and glassware; (ii) folding napkins; (iii) setting up stations; (iv) stocking up sodas; (v) moving all tables and chair for parties and events; (vi) putting chairs outside; and (vii) tarping up chairs outside if it rains.  As a result, Plaintiff GRANT performed an unlawful and excessive amount of non-tipped activities.

58.     Throughout Plaintiff GRANT's employment with Defendants, Defendants required Plaintiff to incur out-of-pocket expenses to purchase several of the same required uniform at $35.00 per unit.  However, Defendants never reimbursed the employees for any of the out-of-pocket costs of purchasing and cleaning the uniforms. These out-of-pocket uniform expenses resulted in the reduction of wages below the required minimum wage and overtime compensation. FLSA Collective Plaintiffs and Class Members were similarly required to incur out-of-pocket expenses and were not reimbursed.

### *Plaintiff SARAH POWERS*

59.     In or about June 2018, Plaintiff POWERS was hired as a waitress by Defendants to work at Davio's Foxborough Restaurant, located at 236 Patriot Pl, Foxborough, MA 02035. Plaintiff POWERS' employment with Defendants terminated in or about October 2021.

60.     From in or about June 2018 to in or about March 2020, Plaintiff POWERS was typically scheduled to work from 3:30 p.m. to anytime between 10:00 p.m. to 1:00 a.m. on Mondays, Thursdays, and Fridays. On Saturdays and Sundays, Plaintiff POWERS was scheduled to work from 2:30 p.m. to anytime between 12:00 a.m. to 1:00 a.m. Additionally, Plaintiff had to

work double shifts on holidays, or whenever there was a big football game or private events. Private events took place approximately once or twice per week.

61.     From in or about March 2020 to the end of Plaintiff POWERS' employment with Defendants, Plaintiff was scheduled to work from 3:30 p.m. to anytime in between 12:00 a.m. to 2:00 a.m. on Mondays, Thursdays, and Fridays and on Saturdays and Sundays, Plaintiff was also scheduled to work from 2:30 p.m. to anytime in between 1:00 a.m. to 2:00 a.m. Plaintiff additionally had to work double shifts on holidays, or whenever there was a big football game or private events.

62.     Throughout Plaintiff POWERS' employment with Defendants, Plaintiff was paid at the tip credit minimum wage.

63.     Throughout Plaintiff POWERS' employment with Defendants, she had to perform an excessive amount of non-tipped activities which included the following: (i) washing dishes, (ii) polishing silverware and glassware; (iii) wiping down trays; (iv) setting up glassware; (v) cleaning mice and rat feces and throwing out mice and rat bodies; (vi) moving tables and chair for parties and events.  As a result, Plaintiff POWERS performed an unlawful and excessive amount of non-tipped activities. During special events, such as Mothers' Day or Patriot's Game, Plaintiff POWERS had to perform up to four (4) hours of non-tipped activities. The subclass of FLSA Collective Plaintiffs and the Tipped Subclass similarly suffered from performing an excessive amount of non-tipped activities.

64.     Throughout Plaintiff POWERS' employment with Defendants, Plaintiff was subject to an illegal tip pooling system whereby non-tipped employees, such as polishers, participated. The subclass of FLSA Collective Plaintiffs and the Tipped Subclass similarly suffered from Defendants utilization of an invalid tip pool wherein non-tipped employees

18

participated.

65.     Throughout Plaintiff POWERS' employment with Defendants, Defendants instituted a timeshaving policy whereby Defendants either: (i) required Plaintiffs and all other employees to clock out for thirty (30) minutes per shift; or (ii) automatically deducted thirty (30) minutes from Plaintiffs' and other employees' compensable time, thereby deducting thirty (30 minutes) from all employees' compensable work time for each shift (i.e. one hour for double-shift(s)). However, regardless of the methodology used, during the purported "meal breaks," Plaintiff POWERS was working as if she was not on any break.

66.     Throughout Plaintiff POWERS' employment with Defendants, Plaintiff was additionally required to attend staff meetings, which lasted fifteen (15) to thirty (30) minutes, while clocked out. Similarly, FLSA Collective Plaintiffs and Class Members were required by Defendants to attend staff meetings while off the clock.

67.     Throughout Plaintiff POWERS' employment with Defendants, Defendants required Plaintiff to incur out-of-pocket expenses to purchase several of the same required uniform at $35.00 per unit.  However, Defendants never reimbursed the employees for any of the out-of-pocket costs of purchasing and cleaning the uniforms. These out-of-pocket uniform expenses resulted in the reduction of wages below the required minimum wage and overtime compensation. FLSA Collective Plaintiffs and Class Members were similarly required to incur out-of-pocket expenses and were not reimbursed.

\*                            \*                            \*

68.     Throughout their employment, Defendants failed to compensate Plaintiffs, FLSA Collective Plaintiffs, and Class Members for all hours worked due to Defendants policy of time-shaving.

69.     At all relevant times, Plaintiffs, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members were paid below the minimum wage at an invalid tipped credit wage. Defendants were not entitled to claim any tip credit allowance under the FLSA, the MFWL, or applicable state labor laws because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform them that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform them that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift; (vi) failed to accurately track daily tips earned or maintain records thereof; and (vii) failed to implement a proper tip pool that tipped employees agreed to.

70.     During their employment, Plaintiffs, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members were required to engage more than twenty percent (20%) of their working time performing non-tipped related activities, such as polishing glassware and silverware, washing dishes, cleaning the restaurant, and organizing and arranging tables and chairs. Even though Defendants required Plaintiffs, a subclass of the FLSA Collective Plaintiffs, and Tipped Subclass employees to engage in non-tipped activities in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

71.     At all relevant times, Defendants required Plaintiffs to incur out-of-pocket expenses to purchase several of the required uniforms. However, Defendants never reimbursed the

employees for any of the out-of-pocket costs of purchasing and cleaning the uniforms. These out-of-pocket uniform expenses resulted in the reduction of wages below the required minimum wage and overtime compensation. FLSA Collective Plaintiffs and Class Members were similarly required to incur out-of-pocket expenses and were not reimbursed.

72.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked due to timeshaving, in violation of the FLSA, the MFWL, and applicable state labor laws.

73.     Defendants knowingly and willfully operated their business with a policy of improperly deducting a tip credit from the wages of Plaintiffs, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members, in violation of the FLSA, the MFWL, and applicable state labor laws.

74.     Defendants knowingly and willfully operated their business with a policy of failing to reimburse Plaintiffs, FLSA Collective Plaintiffs, and Class members for the costs of purchasing and maintaining the required uniforms and, in effect, reducing their wages below the prevailing minimum wage and overtime compensation, in violation of the FLSA, MFWL, and the applicable state wage laws.

75.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

76.     Plaintiffs reallege and reaver by reference all allegations in all the preceding

paragraphs of this Class and Collective Action Complaint as if fully set forth herein .

77.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

78.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

79.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.

80.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs the proper wages due to an invalid meal break deduction, in violation of FLSA.

81.     At all relevant times, Defendants had a policy and practice of failing to pay Tipped Plaintiffs and the Tipped Subcollective the federal minimum wage and overtime due to an invalid tip credit allowance, in violation of FLSA.

82.     At all relevant times, Defendants had a policy and practice of failing to pay Tipped Plaintiffs and the Tipped Subcollective the federal minimum wage and overtime compensation due to unreimbursed costs of purchasing and maintaining the required uniforms, in violation of the FLSA.

83.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

84.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

85.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under FLSA.

86.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to FLSA.

87.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage, unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE MFWL</u>

88.     Plaintiffs reallege and reaver by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

89.     At all relevant times, Plaintiffs and the class members were non-exempt employees of Defendants and Defendants were employers within the meaning of MFWL.

90.     Defendants knowingly and willfully failed to pay Plaintiffs and the class members the full amount of regular and overtime wages as a result of invalid mealtime deductions, in violation of MFWL.

91.     Defendants knowingly and willfully failed to pay Plaintiffs and Tipped Subclass

23

members the appropriate minimum wage and overtime due to an invalid tip credit allowance, in violation of MFWL.

92.     Defendants knowingly and willfully failed to reimburse the costs of purchasing and maintaining the required uniforms to Plaintiffs and the Tipped Subclass members, in violation of MFWL.

93.     Defendants failed to keep, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and class members, in violation of MFWL.

94.     Defendants also failed to provide a proper wage and hour notice, at the date of hiring, to Plaintiffs, Class and Collective per requirements of MFWL.

95.     Defendants failed to provide proper wage statements with correct payment as required by MFWL to Plaintiffs, Class and Collective.

96.     Due to Defendants' violations of MFWL, Plaintiffs and the class members are entitled to recover from the Defendants their unpaid wages due to invalid mealtime deductions, unpaid minimum wage due to invalid tip credit, unreimbursed uniform expenses, reasonable attorneys' fees, treble damages, and costs and disbursements of the action.

## COUNT III

## VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS

97.     Plaintiffs reallege and reaver by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

98.     At all relevant times, Plaintiffs and Class Members were employed by Defendants within the meaning of the applicable state wage laws of GA, TX, PA, and NY.

99.     Defendants knowingly and willfully violated Plaintiffs and Class Members' rights by failing to pay them the proper wages, including overtime, due to time shaving, in violation of the applicable state wage laws of GA, TX, PA, and NY.

100.    Defendants knowingly and willfully violated Plaintiffs and Class Members' rights by failing to pay them the proper wages, including overtime, due to an invalid tip credit, in violation of the applicable state wage laws of GA, TX, PA, and NY.

101.    Defendants knowingly and willfully failed to provide proper wage statements and notices to Plaintiffs and Class Members, as required under the applicable state wage and hour laws of GA, TX, PA, and NY.

102.    Due to Defendants' state law violations, Plaintiffs and Class Members are entitled to recover from Defendants their unpaid wages due to timeshaving, unpaid wages due to an invalid tip credit, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA, and applicable state wage laws of MA, GA, TX, PA, and NY;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wage and overtime due to timeshaving, due under FLSA, and applicable state wage laws of MA, GA, TX, PA, and NY;

d.  An award of unpaid minimum wage and overtime due to improper tip credit deductions, due under FLSA, and applicable state wage laws of MA, GA, TX, PA, and NY;

e.  An award of unreimbursed uniform expenses due under FLSA, and applicable state wage laws of MA, GA, TX, PA, and NY;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay proper wages pursuant to FLSA;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay proper wages pursuant to applicable state wage laws of MA, GA, TX, PA, and NY;

h.  An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  An award of statutory penalties as a result of Defendants failure to comply with and applicable state wage laws of MA, GA, TX, PA, and NY regarding wage notice and wage statement requirements;

l.  Designation of Plaintiffs as the Representatives of FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23; and

n.  Designation of Plaintiffs as Representatives of the Class; and

o.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: July 15, 2022
      New York, New York

                                       LEE LITIGATION GROUP, PLLC

                                       By:____*/s/ C.K. Lee*_____

                                       C.K. Lee, Esq. (569242)
                                       148 West 24th, 8th Floor
                                       New York, NY 10011
                                       Tel.: (212) 465-1180
                                       Fax: (212) 465-1181
                                       *Attorney for Plaintiffs, FLSA Collective Plaintiffs and the Class*